# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LA SHARON ADKINS,           ) | |
|                       Plaintiff,            ) | Case No. 2:12-cv-01612-GMN-GWF |
| vs.                                             ) | **ORDER** |
| HYUNDAI MOTOR AMERICA; *et al.*, ) | Motion to Amend Complaint (#44) |
|                       Defendants.          ) | |

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint (#44), filed on February 27, 2013. Defendant Henderson Hyundai Superstore, Inc. ("Defendant") filed an Opposition (#48) on March 14, 2013. Plaintiff filed a Reply (#49) on March 19, 2013. Defendant filed a Supplement (#51) to its Opposition on April 1, 2013.

Plaintiff seeks leave to add claims for (1) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and (2) retaliation in violation of the FLSA. Plaintiff alleges that documents produced by Defendant on or about February 21, 2013 revealed that Plaintiff worked over forty hours in a week without overtime pay, and that at least one witness heard Plaintiff complain about her hours shortly before her termination. In its Opposition, Defendant claims the extant time sheets suggest that Plaintiff worked 86.67 hours in a two-week pay period, or 6.67 hours of overtime. In its Supplement (#51), Defendant represents it sent a check to Plaintiff on March 28, 2013 for $163.11, less withholdings, to compensate Plaintiff for the alleged unpaid overtime.

Before deciding whether to grant Plaintiff leave to amend, the Court ordered Plaintiff to file a supplement stating whether, in light of the payment, she believes an FLSA claim still exists. *See*

*April 16, 2013 Order, Doc. #52*. Plaintiff filed her Supplement (#53) on April 21, 2013. Therein, Plaintiff disputes Defendant's calculations of the amount of overtime Plaintiff worked and alleges the payment was not fully compensatory. Plaintiff also asserts the FLSA permits recovery for liquidated damages and attorneys' fees in addition to any unpaid back wages. Finally, Plaintiff argues Defendant has not opposed Plaintiff's request to add a retaliation claim under the FLSA.

Federal Rule of Civil Procedure 15(a)(1)(B)(2) provides that leave to amend a complaint should be given freely when justice so requires. Unless undue prejudice to the opposing party will result or amendment would be futile, courts "should ordinarily permit a party to amend its complaint." *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973). The policy of favoring amendments to pleadings "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In light of the supplemental briefing, the Court finds that amendment will not be futile and will not prejudice Defendant. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (#44) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall file her Second Amended Complaint as proposed in her Motion for Leave To Amend, Doc. 44, Exh. A, no later than 10 days after the date of this Order.

DATED this 3rd day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge