UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LA SHARON ADKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>HENDERSON HYUNDAI SUPERSTORE, INC., and ADVANSTAFF, INC.,<br><br>    Defendants. | Case No. 2:12-cv-01612-GMN-GWF<br><br>**ORDER**<br><br>Memorandum of Attorney's Fees and Costs (#86) |

This matter comes before the Court on Plaintiff La Sharon Adkins' ("Plaintiff") Memorandum of Attorney's Fees and Costs (#86), filed on July 1, 2013. Defendant Henderson Hyundai Superstore, Inc. ("Hyundai") filed a Response (#91) on July 12, 2013. Plaintiff filed a Reply (#92) on July 15, 2013.

**BACKGROUND**

On September 13, 2012, Plaintiff initiated this action after being terminated from her employment at Hyundai. In her Complaint (#1), Plaintiff alleges that she was terminated in retaliation after she lodged complaints regarding her supervisor's behavior. Plaintiff subsequently learned that Hyundai discarded Plaintiff's supervisor's desktop computer, which may have contained discoverable material. Thereafter, on April 30, 2013, Plaintiff filed a Motion for Sanctions Against Defendants for Spoliation of Evidence (#54). On June 13, 2013, the Court conducted a hearing on the Motion for Sanctions (#54). *See Minutes of Proceedings, Doc. #79*. Rather than allow an adverse inference or enter a default judgment as sought by Plaintiff, the Court precluded Hyundai's computer examiner from testifying at trial. *See June 19, 2013 Order, Doc. #81 at 1:22-23*. The Court also awarded Plaintiff her attorneys' fees incurred in bringing the

Motion for Sanctions (#54). *See id.* at 1:20-26. Plaintiff subsequently filed the instant Memorandum of Attorney's Fees and Costs (#86).

## DISCUSSION

Reasonable attorneys' fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff's Counsel Michael Freiman submitted an Affidavit and Memorandum (#86) detailing the costs incurred in pursuing the Motion for Sanctions (#54). Michael Freiman argues that his reasonable hourly rate is $250.00, and that his co-counsel Lawrence Freiman's reasonable hourly rate is $300.00. The Court finds that these rates are commensurate with Counsels' skill, experience, and reputations.

Michael Freiman represents that Lawrence Freiman spent 8.5 hours reviewing documents for, researching for, and drafting the Motion for Sanctions (#54). Lawrence Freiman spent 0.8 hours reviewing Hyundai's Response (#72) to the Motion. Michael Freiman represents he spent an additional 1.3 hours reviewing the Response, 4.7 hours analyzing its cited authorities, 0.8 hours "[a]nalyz[ing] relevant documents," and 3.2 hours drafting Plaintiff's Reply (#74). Lawrence Freiman subsequently spent 2.9 hours drafting a supplemental Reply (#76) and two errata. Michael

Freiman then represents that he spent 12 hours and that Lawrence Freiman spent 3.6 hours preparing for, traveling to, and attending the hearing on the Motion (#54). The Memorandum also includes $10.00 for parking and $314.60 for mileage (572 miles at $.55 per mile). Finally, Michael Freiman states Lawrence Freiman spent 3.4 hours reviewing the Court's Orders (#79, #81) on the Motion (#54). The total for fees included in the Memorandum is $11,044.60.

The Court's June 19, 2013 Order (#81) awarded fees "incurred in bringing [the Motion for Sanctions (#54)]." The Court will award Plaintiff her attorneys' fees for 8.5 hours for Lawrence Freiman's drafting of the Motion (#54), 5.5 hours for Michael Freiman's drafting of the Reply (#74), 2.9 hours for Lawrence Freiman's drafting of the Supplement (#76) and errata, and 1.1 hours for Lawrence Freiman's attendance at the hearing. The Court will not award fees for Lawrence Freiman's review of Hyundai's Response (#72) because it is duplicative of Michael Freiman's review. The Court also finds that Michael Freiman's 4.7 hours for reviewing the Response's cited authorities is excessive, and reduces that time to 1 hour. Michael Freiman's 0.8 hours for "reviewing relevant documents" before drafting the Reply (#74) is not sufficiently specific to merit fees. Because the award of fees was only for the time incurred in bringing the Motion (#54), the Court will also not award fees for travel, parking, mileage, or preparation for the hearing. The Court will award fees for Lawrence Freiman's attendance at the hearing, which lasted 1.1 hours. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Henderson Hyundai Superstore shall pay Plaintiff $5,125.00 in attorneys' fees within 14 days of this Order.

DATED this 5th day of August, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge